## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| ENTERTAINMENT PUBLICATIONS, LLC, | ) Case No.  13-10496-CSS |
| | ) |
| Debtor. | ) |
| | ) |
| | ) Adv. Pro No._____ |
| LISA M. CZARNIAK, on behalf of herself and all others similarly situated, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENTERTAINMENT PUBLICATIONS, LLC, a/k/a ENTERTAINMENT PROMOTIONS, a/k/a ENTERTAINMENT.COM, MH INVESTORS UNITED, LLC, MH PRIVATE EQUITY FUND, LLC, MH-EPI HOLDINGS LLC, MH INVESTORS ENTERTAINMENT LLC, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## CLASS  ACTION ADVERSARY
## PROCEEDING COMPLAINT

Plaintiff **LISA M. CZARNIAK** ("Plaintiff") alleges on behalf of herself and the class of those similarly situated as follows:

### NATURE OF THE ACTION

1.      The Plaintiff brings this action on behalf of herself, and the 370 or so other similarly-situated former employees who were terminated in this mass layoff or plant closing from Defendants' facilities from about March 12, 2013, and in the days thereafter.  These employees were not provided 60 days advance written notice of their terminations by

Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendants.  Plaintiff's claim, as well as the claims of all similarly situated employees, are entitled to administrative expense priority status pursuant to the United States Bankruptcy Code 11 U.S.C. § 503(b)(1)(A).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

5.      Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6.      Plaintiff **Lisa M. Czarniak** was employed by Defendant, and worked at the Defendant's facility located at 1414 East Maple Road, Troy, Michigan (the "Troy Facility") until her termination on or about March 12, 2013.

### *Defendants*

7.      Upon information and belief at all relevant times, Defendant **Entertainment Publications, LLC** ("Entertainment Publications") is a Delaware corporation, located at 1414 East Maple Road, Troy, Michigan (the "Troy Facility") and maintained and operated other facilities, as that term is defined by the WARN Act.

2

8.    Upon information and belief at all relevant times, Defendant **MH Investors United, LLC** ("MHIU") is a Delaware corporation, located at 6270 Corporate Drive, Suite 200, Indianapolis, Indianapolis.

9.    Upon information and belief at all relevant times, Defendant **MH Private Equity Fund, LLC** ("MHPEF") is an Indiana corporation, located at 1120 Laurelwood, Carmel, Indianapolis.

10.    Upon information and belief at all relevant times, Defendant **MH-EPI Holdings LLC** ("MHEPI") is a Delaware corporation, located at 1414 E Maple Road, Troy Michigan.

11.    Upon information and belief at all relevant times, Defendant **MH Investors Entertainment LLC** ("MHIE") is a Delaware corporation, located at 1414 E Maple Road, Troy Michigan.

12.    Upon information and belief, the Defendants made the decision to terminate the employees.

13.    Debtor subsidiary Entertainment Publications, LLC is a single employer with its non-debtor ultimate parent **MH Private Equity Fund, LLC** and its other Defendant subsidiaries, in that, *inter alia*, it

        a)    maintained centralized control over payroll and other personnel policies including manner and rates of pay and incentive and benefits programs as described in its motions to this Court;

        b)    was their majority or sole shareholder and owner;

c)              made the decision that triggered the mass layoffs and termination of the

Plaintiff and the similarly situated employees without notice, in that principals of **MH Private**

**Equity Fund, LLC** withheld information from others, including the Debtor, that the proposed

acquisition had failed until such a point that it would ensure Debtor's closure and filing for

bankruptcy protection: and

d)              provided the Defendants subsidiaries with managerial, financial,

operational and administrative support on which they substantially depended.

14.        Until on or about March 12, 2013, the Plaintiff and all similarly situated

employees were employed by Defendants and worked at or reported to one of the Facilities.

15.        On March 12, 2013, Defendants filed voluntary petitions for relief under chapter 7

of Title 11 of the United States Bankruptcy Code.

**WARN ACT CLASS ALLEGATIONS**

16.        Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*. on

her own behalf and on behalf of all other similarly situated former employees, pursuant to 29

U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or

reported to one of Defendants' Facilities and were terminated without cause from about March

12, 2013, and within 30 days of that date, or were terminated without cause as the reasonably

foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants from

about March 12, 2013, and who are affected employees, within the meaning of 29 U.S.C. §

2101(a)(5) (the "WARN Class").

17.        The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable.  Although the precise number of such

persons is unknown, the facts on which the calculation of that number can be based are presently

within the sole control of Defendants.

18.    The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

19.    On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendants.

20.    Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

      (a)    whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendant's Facilities;

      (b)    whether Defendants, as a single employer, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

      (c)    whether Defendants' unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

21.    The Plaintiff's claim is typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendants' Facilities and was terminated without cause from about March 12, 2013, or within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendants.

22.    The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

23.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

## WARN Act Cause of Action

26.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

27.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

28.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

29.     The Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things:

(a)     The Defendants shared common ownership;

(b)     The Defendants shared common officers and directors;

(c)     All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d)     There was a unity of personnel policies emanating from a common source between Defendants; and

(e)     There was a dependency of operations between Defendants.

30.     At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

31.     From about March 12 2013, the Defendants ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

32.     The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

33.     The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

34.     The Plaintiff and the Class Members are "affected employees" of the Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

35.    Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36.    Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

37.    The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

38.    Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

39.    Since the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Debtors' bankruptcy petitions and which arose as the result of the Defendants' violation of federal laws, Plaintiff's and the Class Members' claims against Defendants are entitled to  priority  status pursuant to 11 U.S.C. § 507(a)(4)(5).

40.    The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A.    Certification of this action as a class action; and

B.    Designation of the Plaintiff as a Class Representative; and

C.    Appointment of the undersigned attorneys as Class Counsel; and

D.      A first priority administrative expense claim against the Defendants pursuant to

11 U.S.C. § 503(b)(1)(A) in favor of the Plaintiff and the other similarly situated

former employees equal to the sum of: their unpaid wages, salary, commissions,

bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k)

contributions and other COBRA benefits, for 60 days, that would have been

covered and paid under the then-applicable employee benefit plans had that

coverage continued for that period, all determined in accordance with the WARN

Act, 29 U.S.C. § 2104 (a)(1)(A); or, alternatively, determining that the first

$11,725 of the WARN Act claims of the Plaintiff and each of the other similarly

situated former employees are entitled to priority status, under 11 U.S.C. §

507(a)(4), and the remainder is a general unsecured claim; and

E.      An allowed administrative expense priority claim under 11 U.S.C. § 503 for the

reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur

in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §

2104(a)(6).

F.      Such other and further relief as this Court may deem just and proper.

Dated:  March 21, 2013

                                                Respectfully submitted,

                            By:     /s/ Jack A. Raisner
                                    Jack A. Raisner
                                    René S. Roupinian
                                    OUTTEN & GOLDEN LLP
                                    3 Park Avenue, 29th Floor
                                    New York, NY  10016
                                    Telephone:     (212) 245-1000
                                    Facsimile:      (646) 509-2081

                                    - and -

9

/s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
Email:          loizides@loizides.com

*Attorneys for the Plaintiff and the Putative Class*